```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
NEW AMSTERDAM CAPITAL PARTNERS,                             :
LLC,                                                        :
                                                            :
                              Plaintiff,                    :    12-CV-7621 (VSB) (HBP)
                                                            :
              - against -                                   :         ORDER
                                                            :
GREGORY KRASOVSKY, d/b/a THE LAW                            :
OFFICES OF GREGORY KRASOVSKY,                               :
                                                            :
                              Defendant.                    :
                                                            :
------------------------------------------------------------X
```

VERNON S. BRODERICK, United States District Judge:

    Before me is Magistrate Judge Henry Pitman's March 15, 2016 Report and Recommendation, which recommends that judgment be entered against Defendant in the amount of $2,730,394.42 plus post-judgment interest. (Doc. 38.) Judge Pitman further recommends denying Plaintiff's request for a stay of the entry and enforcement of the judgment. (*Id.* at 39 n.19). For the reasons that follow, I adopt the Report and Recommendation in its entirety.

## I.    Background

    On October 9, 2012, Plaintiff New Amsterdam Capital Partners, LLC brought this action against pro se Defendant Gregory Krasovsky alleging four causes of action: (1) tortious interference with contract; (2) tortious interference with business relations; (3) violations of New York Judiciary Law § 487; and (4) breach of contract. (Doc. 1.) On March 6, 2013, after Defendant failed to timely answer or otherwise respond to the complaint, default was entered against him and in favor of Plaintiff on the issue of liability. (Doc. 10.) Shortly thereafter, Defendant filed a notice of appeal from the default judgment. (Doc. 12.) That appeal was dismissed by the Second Circuit for failure to file the requisite Civil Appeal Pre-Argument

Statement Form, known as Form C.  (Doc. 14.)  Defendant did not file a motion to recall the mandate.

On July 1, 2013, Judge Victor Marerro referred this matter to Magistrate Judge Henry Pitman to conduct inquest proceedings on the issue of Plaintiff's damages.[1]  (Doc. 19.)  During the inquest proceedings, Defendant filed a number of letters challenging the underlying default judgment, requesting discovery, and seeking an extension of his time to file his response to Plaintiff's proposed findings of fact and conclusions of law.  (Docs. 20 (letter dated 6/27/13), 39 (letter dated 10/16/13), 41 (letter dated 10/21/13), 43 (letter dated 10/23/13).)  On October 23, 2013, Judge Pitman granted Defendant's request for an extension, denied his application for discovery, and issued the following warning:

> Defendant is reminded that his submission is to be limited to the amount of damages only.  The issue of liability has already been resolved as a result of defendant's default, and, in any event, the matter has been referred to me only for an assessment of damages.  If defendant attempts to argue liability in his submission, I shall not attempt to separate liability arguments from damages arguments, but shall instead disregard defendant's submission in its entirety.

(Doc. 28.)  Defendant filed a final letter on October 31, 2013, the deadline by which he was required to file his submission, per Judge Pitman's October 23, 2013 Order.  (Doc. 44.)

On March 5, 2014, Defendant moved to set aside the default judgment, (Doc. 29), and to compel arbitration, (Doc. 33).  I denied both as untimely by Order filed on March 10, 2014, because:  (1) liability had already been determined, and (2) Defendant's appeal had been dismissed by the Second Circuit.  (Doc. 37.)  I further reasoned that, even if the motions were

---

[1] The case was initially assigned to Judge Victor Marerro and was reassigned to me on February 5, 2014.  (Dkt. Entry, 2/5/14.)

2

timely made, they were meritless because Defendant had established neither good cause to set aside the default nor a basis for relief under Rule 60(b).  (*Id.*)

Magistrate Judge Pitman issued his Report and Recommendation on February 23, 2016.  (Doc. 38.)  Defendant requested an extension of time to file his objections to the Report and Recommendation, (Doc. 48), which was granted, (Doc. 51).  Thereafter, Defendant filed a letter styled "Request for Relief due to a Related Case," (Doc. 50), and another motion to set aside the default judgment pursuant to Rule 60(b), (Doc. 49).

## II.     Legal Standard

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  When a party submits a timely, specific objection, a district court reviews de novo the parts of the report and recommendation to which the party objected.  28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3).  With regard to a report and recommendation that is not objected to, or the unobjected-to portions of a report and recommendation, a district court reviews the report and recommendation, or the unobjected-to portion thereof, for clear error.  *DiPilato v. 7-Eleven, Inc.*, 662 F. Supp. 2d 333, 339 (S.D.N.Y. 2009); *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008); *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).  Further, when a party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the Report strictly for clear error.  *See Pearson–Fraser v. Bell Atl.*, No. 01-CV-2343, 2003 WL 43367, at *1 (S.D.N.Y. Jan. 6, 2003).

Objections made by pro se parties are "generally accorded leniency and should be construed to raise the strongest arguments that they suggest."  *Terio v. Michaud*, No. 10-CV-4276, 2011 WL 868661, at *1 (S.D.N.Y. Mar. 10, 2011) (internal quotation marks omitted).

"Nonetheless, even a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." *Pinkney v. Progressive Home Health Servs.*, No. 06-cv-5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008).

### III. Discussion

Here, Defendant appears to make the following two procedural objections in his "Request for Relief . . ." letter: (1) Judge Pitman failed to stay the inquest pending the adjudication of a related case before Magistrate Judge Ellis allegedly concerning the same underlying facts; and (2) Defendant was unable to effectively file submissions during the inquest because he was denied permission to present certain confidential and privileged information to the Court under seal. (Doc. 50 at 1-3.) As explained by Magistrate Judge Pitman, both of these arguments relate to Defendant's ability to present information regarding liability, namely the validity and enforceability of certain contracts between Plaintiff and Dr. Michael Wilson.[2] (*See* Docs. 38 at 3-4, 50 at 2-3.) For example, Defendant argued that, for the damages inquest to proceed, determinations would need to be made about the validity of the contracts between Plaintiff and Dr. Wilson, whether Plaintiff committed fraud against Dr. Wilson, and whether Plaintiff violated particular money lending and professional conduct rules in dealing with Dr. Wilson. (*See id.*) However, because Defendant defaulted, "the factual allegations of the complaint, except those relating to the amount of damages, [were] taken as true." *Chen v. Jenna Lane, Inc.*, 30 F. Supp. 2d 622, 623 (S.D.N.Y. 1998). According to the Complaint, Plaintiff had "a series of valid and

---

[2] The case before Judge Ellis is currently stayed pending bankruptcy proceedings filed by Dr. Wilson. *See* Order, *New Amsterdam Capital Partners, LLC v. Wilson*, No. 11-CV-9716 (RLE) (S.D.N.Y. Feb. 11, 2016), ECF No. 93.

4

enforceable contracts" with Dr. Wilson and Defendant interfered with those contracts.  (*See* Doc. 1 ¶¶ 12, 21-23)  Therefore, Magistrate Judge Pitman was correct in assuming the validity of those contracts and in denying Defendant's requests.

Defendant's objections do not address any of Judge Pitman's actual findings or conclusions in the Report and Recommendation.  In other words, Defendant failed to object to any findings and conclusions contained in the Report and Recommendation, and merely rehashes his arguments related to liability.  Accordingly, I have reviewed the Report and Recommendation for clear error and find none.  I therefore adopt the well-reasoned and thorough Report and Recommendation in its entirety.

Finally, Defendant's motion "to dispose of his Motion to Set Aside Default, filed per Rule 60(b)," (Doc. 49), is denied as moot because the motion referenced—Defendant's March 5, 2014 "Motion to Vacate or Set Aside Default Judgment Pursuant to FRCP 55(c) and/or 60(b)," (Docs. 29, 30)—was considered and denied for the reasons stated in my March 10, 2014 Text Order, (Doc. 37).  To the extent Defendant's motion can be construed as a new motion pursuant to Rules 55(c) and 60(b), it is denied for the same reasons, namely that any motion to set aside the default is untimely because it has already been affirmed on appeal by the Second Circuit—no motion to set aside the mandate having been made—and because Defendant has failed to establish good cause to set aside the default judgment or any other basis for relief.

The Clerk of Court is respectfully requested to enter judgment and terminate this action.

SO ORDERED.

Dated: January 10, 2017
     New York, New York

Vernon S. Broderick
United States District Judge